

FILED
AUG -5 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LUIS ESCOBAR,**

    Plaintiff,

v.    Civil Action No. **3:09CV178**

**FEDERAL BUREAU OF PRISONS, et al.,**

    Defendants.

### MEMORANDUM OPINION

Plaintiff, a federal prisoner, filed this *pro se* civil action and sought leave to proceed *in forma pauperis*. On April 20, 2009, the Court conditionally docketed this action, and ordered Plaintiff to complete and return an *in forma pauperis* affidavit and a consent to collection of fees form. The Court warned Plaintiff that failure to complete the affidavit and swear to its contents under penalty of perjury would result in summary dismissal of this action. (April 20, 2009 Mem. Order 1.) On June 16, 2009, the Court received from Plaintiff a consent to collection of fees form, along with a money order in the amount of $50.00. Explaining that partial payment could not be accepted until the Court granted *in forma pauperis* status, the Clerk returned Plaintiff's money order. On July 2, 2009, the Court dismissed this action without prejudice because Plaintiff failed to complete an *in forma pauperis* affidavit and did not pay the full filing fee.

On July 13, 2009, the Court received from Plaintiff a motion for reconsideration of the July 2, 2009 order of dismissal. Plaintiff's motion is postmarked July 10, 2009. Because Plaintiff's motion was filed fewer than ten days after the Court's order of dismissal,[1] Plaintiff's

---

[1] *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that documents submitted by a prisoner are deemed filed at the moment they are delivered to prison authorities for mailing).

motion should be evaluated pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff asserts that the Court rejected the partial filing fee because "the plaintiff has to apply through the Bureau of prisons to have the money forwarded to this Court and the Check (accounting clerk) was delayed past the date instructed by the Court, of no fought [sic] of the plaintiff." (Pl.'s Mot. for Reconsideration 1.) Contrary to Plaintiff's assertions, this suit was not dismissed due to any action of the accounting clerk at Plaintiff's place of incarceration. Instead, the Court dismissed this suit due to Plaintiff's failure to complete the necessary forms. Under these circumstances, dismissal without prejudice does not constitute the sort of manifest injustice allowing the Court to grant relief under Rule 59(e). *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (affirming denial of Rule 59(e) where dismissal of case was due to party's failure to exercise due diligence). Plaintiff is free to refile the action. Plaintiff's motion for reconsideration (Docket No. 9) will be DENIED.

It is so ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Date: 8-4-09
Richmond, Virginia

2